# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ASD SPECIALTY HEALTHCARE INC.,

   Plaintiff,

v.

NEW LIFE HOME CARE INC. and
GREGORY MALIA,

   Defendants.

CIVIL ACTION NO. 3:11-CV-068

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the plaintiff's complaint, which insufficiently alleges the diversity of the parties. (Doc. No. 1.) Because the complaint fails to properly plead the existence of subject matter jurisdiction, the complaint will be dismissed.

### Background

The plaintiff filed a complaint against defendants New Life Home Care Inc. and Gregory Malia. The complaint invokes this Court's jurisdiction under 28 U.S.C. § 1332, the diversity jurisdiction statute.

The complaint describes the plaintiff corporation has having "a principal place of business" in Texas. New Life is described as having "a principal place of business" in Pennsylvania. Gregory Malia is described as "residing" in New York.

### Analysis

Under the diversity jurisdiction statute, 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." When diversity of citizenship provides the grounds for federal jurisdiction, "the pleadings should affirmatively disclose that such diversity exists." *Osthaus v. Button*, 70 F.2d 392, 392 (3d Cir. 1934). Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914). In contrast, corporations may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has *its* principal place of business." 28 U.S.C. § 1332(c)(1).

Properly alleging diversity jurisdiction does not require extended allegations. Form 7 in the Appendix of Forms of the Federal Rules of Civil Procedure provides examples of properly invoking diversity-of-citizenship jurisdiction. This form instructs that one may simply state, for example, that "the plaintiff is a citizen of Michigan," and that "[t]he defendant is a corporation incorporated under the laws of New York with its principal place of business in New York."

Federal courts have an obligation to address issues of subject matter jurisdiction *sua*

*sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). Here, the complaint fails to properly plead the existence of subject matter jurisdiction.

The complaint fails to adequately allege diversity of citizenship. Here, the plaintiff fails to properly allege the citizenship of a single party. The Court is informed of the state in which the Mr. Malia "resides." Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted).

Likewise, the complaint fails to allege the plaintiff's own citizenship properly, and that of the corporate defendant. *See S. Freedman & Co., Inc. v. Raab*, 180 Fed. App'x 316, 320 (3d Cir. 2006) (quoting *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982) ("In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business.")). The Court is informed that the plaintiff has *a* principal place of business in Texas, and that New Life maintains *a* principal place of business in Pennsylvania. However, to properly plead a corporation's citizenship, the complaint must allege where it maintains *its* principal place of business, of which it can have only one. *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "*a* principal place of business," rather than "*its* principal place of business"); *Lincoln Nat. Life Ins. Co. v. Balyasnaya J. Life Ins. Trust*, No. 08-6315, 2009 WL 198240, at *1 (D.N.J. Jan. 23, 2009) (dismissing complaint for lack of jurisdiction where plaintiff only alleged where it maintained "a" principal place of business).

3

Although the plaintiff has failed to properly allege diversity jurisdiction, it may be able to do so if given the opportunity to amend. District courts must permit a curative amendment unless an amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Shane v. Fauver*, 213 F.3d 113, 113 (3d Cir. 2000)). The plaintiff will be given time to amend and the Court urges it to properly allege (1) the citizenship of Mr. Malia; and (2) the state where each corporate party has *its* principal place of business.

## Conclusion

As it currently stands, the complaint fails to show the existence of subject matter jurisdiction. The plaintiff is directed to file an amended complaint within twenty-one (21) days sufficiently alleging jurisdiction. The plaintiff is further advised that failure to respond in the manner explained above will result in the dismissal of his complaint. An appropriate order follows.

| | |
|---|---|
| January 19, 2011 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ASD SPECIALTY HEALTHCARE INC.,

    Plaintiff,

        v.

NEW LIFE HOME CARE INC. and
GREGORY MALIA,

    Defendants.

NO. 3:11-CV-068

(JUDGE CAPUTO)

## ORDER

**NOW**, this 19th day of January, 2011, **IT IS HEREBY ORDERED:**

1.) Within twenty-one (21) days of the date of this order, the plaintiff may file an amended complaint.

2.) The plaintiff's failure to file an amended complaint will result in the dismissal of this action.

                        /s/ A. Richard Caputo
                        A. Richard Caputo
                        United States District Judge