**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ASD SPECIALTY HEALTHCARE INC.,
d/b/a ASD HEALTHCARE,

    Plaintiff,

        v.

NEW LIFE HOME CARE INC. and
GREGORY MALIA,

    Defendants.

CIVIL ACTION NO. 3:11-CV-068

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Plaintiff ASD Specialty Healthcare, Inc.'s Motion for Default Judgment. Because Defendant New Life Home Care Inc. is actively defending the case and there has been no showing of prejudice to ASD or culpable conduct by New Life, the motion will be denied.

## I. Background

Plaintiff ASD Specialty Healthcare initiated this action on January 10, 2011, alleging that Defendants New Life Home Care and Gregory Malia have failed to pay their debts to ASD. ASD amended its complaint on January 19, 2011, and New Life filed an answer and asserted counterclaims on July 15, 2011.

On October 17, 2011, New Life's attorney Bruce Rosenberg filed a motion to withdraw as counsel. I issued an order permitting withdrawal but stating that if replacement counsel did not enter an appearance within forty-five days, New Life's counterclaims would be dismissed and ASD could apply for default judgment against

New Life. The deadline for the appearance of replacement counsel was December 5, 2011.

On December 6, 2011, New Life's replacement counsel had still not entered an appearance, so ASD filed a motion for default judgment and to dismiss New Life's counterclaims. New Life's replacement counsel, Scott Amori, then entered his appearance on December 15, 2011. New Life moved for an extension of time to file an amended counterclaim on December 19, 2011; the motion was granted the next day. New Life then filed its amended answer and counterclaims on January 20, 2012. New Life never filed any brief in response to ASD's motion for default judgment.

## II. Standard of Review

### A. Legal Standard on a Motion to Dismiss

When determining whether to grant a motion for default judgment, a district court must consider three factors: "(1) [whether there will be] prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). Culpable conduct is that which is "taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 124 (3d Cir. 1993). The Third Circuit, in a nonprecedential opinion, has stated that "late filing and appearances cannot stand as the basis for a default judgment." *Wingate Inns Int'l, Inc. v. Hightech Inn.com, LLC*, 429 Fed. App'x 152, 155 (3d Cir. 2011). Generally, the Third Circuit prefers that cases be determined on their merits. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984).

### III. Discussion

ASD's motion for default judgment will be denied. Looking at the first factor of the default judgment test, ASD did not argue in its motion that it had faced any prejudice, nor did it identify any particular time-sensitive issues or potential sources of prejudice. It is unlikely that there could have been significant prejudice to ASD's case in the mere nine days that New Life went over the deadline. Turning to the second factor, New Life has alleged a litigable defense in its answer, arguing *inter alia* that the Economic Loss Rule and the principle of accord and satisfaction bar recovery for ASD. Finally, there is no evidence that New Life acted willfully or in bad faith. Because the basis for default here would only be a late appearance, and public policy favors a decision on the merits, it would be inappropriate to enter default judgment against New Life.

### IV. Conclusion

For the reasons stated above, ASD's motion for default judgment will be denied.  An appropriate order follows.

 February 1, 2012                                        /s/ A. Richard Caputo
Date                                                          A. Richard Caputo
                                                                 United States District Judge