# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ASD SPECIALTY HEALTHCARE,** | : | |
| **INC. d/b/a ASD HEALTHCARE** | | |
| | : | |
| **Plaintiff** | | **CIVIL ACTION NO. 3:11-0068** |
| | : | |
| **v** | | **(JUDGE MANNION)** |
| | : | |
| **NEW LIFE HOME CARE, INC. and** | | |
| **GREGORY MALIA** | : | |
| | | |
| **Defendants** | : | |

## MEMORANDUM[1]

Presently before the court is the plaintiff's motion for attorney's fees and costs and request for sanctions, (Doc. No. 70). Though the court appreciates that both the dismissal of claims and the entry of default judgment are sanctions of last resort, the court finds that the defendants' history of dilatory conduct and more recent disregard for court orders leaves no other option. Therefore, the motion will be granted in all respects with the exception of the request for a hearing regarding additional fees, costs and interest for which the court will accept written briefs.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

# I.    BACKGROUND

The plaintiff, ASD Specialty Healthcare, Inc. (hereinafter "ASD"), filed its initial complaint on January 10, 2011, (Doc. No. 1). The complaint alleged that defendant New Life Home Care, Inc. (hereinafter "New Life") failed to pay for $2,558,586.83 in pharmaceuticals ordered from the plaintiff. Specifically, ASD brought claims for breach of the business applications, breach of the note, unjust enrichment, replevin, breach of fiduciary duty, and conversion. Moreover, the plaintiff alleges that New Life's controlling shareholder, Defendant Gregory Malia, has misappropriated corporate funds that would be used to pay the debt and therefore the court should pierce the corporate veil and hold Mr. Malia personally liable for each count. Judge Caputo found that the complaint failed to properly alleged diversity between the parties and dismissed the complaint, but offered the plaintiff leave to amend. (Doc. No. 5). ASD filed a compliant amended complaint on January 19, 2011, (Doc. No. 6).

ASD returned proof of service indicating that New Life and Mr. Malia were each properly served on January 24, 2011 and January 21, 2011, respectively.[2] (Docs. No. 7, 8). On February 17, 2011, with no responsive pleading filed by either defendant, the plaintiff requested entry of default

---

[2] As discussed below, Judge Caputo would later find service on Mr. Malia was not effective. (Doc. No. 40).

against each defendant, (Docs. No. 10, 11), and default was entered on February 18, 2011, (Docs. No. 12, 13). On February 22, 2011, the defendants filed a motion to vacate the entry of default, (Doc. No. 14), and a brief in support, (Doc. No. 15). The defendants' brief attacked the sufficiency of the ASD's complaint as well as alleging defenses that the defendants would raise if the court were to set aside the default and allow them to file a responsive pleading. The plaintiff's filed a brief in opposition, (Doc. No. 16). The defendants subsequently filed a supplemental brief in support, (Doc. No. 18), and a brief in reply, (Doc. No. 19). On July 5, 2011, Judge Caputo granted the defendants' motion to vacate the default and ordered the defendant to file a responsive pleading within 10 days. (Doc. No. 28).

On July 15, 2011, Mr. Malia filed a motion to dismiss for lack of jurisdiction and for failure to state a cause of action, (Doc. No. 29), as well as a brief in support, (Doc. No. 30).[3] In his motion to dismiss, Mr. MALIA argued that service by mail was ineffective because the delivery was not signed for by himself or his agent. (Doc. No. 29). In addition, Mr. Malia alleged that the ASD's claims for breach of contract, replevin, breach of fiduciary duty and conversion were insufficient with respect to Mr. Malia and that ASD had failed to properly plead a cause of action to pierce the corporate veil and hold him

---

[3] On August 12, 2011, Mr. Malia filed a subsequent brief in support of his motion to dismiss, (Doc. No. 35). The brief, however, is nearly identical to the prior brief in support filed with the motion.

personally liable. On July 29, 2011, ASD filed a brief in opposition, (Doc. No. 32).

Also on July 15, 2011, New Life filed an answer to the amended complaint which contained counterclaims and thirteen affirmative defenses, (Doc. No. 31). New Life brought counterclaims alleging fraudulent concealment, unjust enrichment, demanding an accounting and fraud, misrepresentation and deceit by ASD, who New Life alleged had been over billing New Life since 2000. On July 29, 2011, ASD filed a motion to dismiss the counterclaims, (Doc. No. 33), and a brief in support, (Doc. No. 34). On August 12, 2011, New Life filed a brief in opposition, (Doc. No. 36).

While awaiting the court's ruling on the motions to dismiss, counsel for the defendants moved to withdraw from the case citing "irrevocable differences with regard to how to proceed in this matter." (Doc. No. 37 at 1). Over ASD's opposition, (Doc. No. 38), the court granted the motion to withdraw on October 21, 2011, provided that the defendants secure replacement counsel within 45 days. (Doc. No. 39).

On November 29, 2011, Judge Caputo issued a memorandum and order regarding the pending motions to dismiss, (Doc. No. 40). Mr. Malia's motion to dismiss for failure to state a claim was denied; however, the court found that service had been improper and directed ASD to perfect service within 21 days of the order. ASD's motion to dismiss New Life's counterclaims

4

was granted in part and denied in part. Judge Caputo dismissed the claims of fraudulent concealment and fraud, misrepresentation and deceit without prejudice, affording Home Life an opportunity to file a more specific pleading. New Life's counterclaims of unjust enrichment and for accounting were allowed to proceed.

On December 6, 2011, ASD moved for a default judgment after no replacement counsel had entered an appearance on behalf of the defendants as required by Judge Caputo's October 21, 2011 order, (Doc. No. 41). On December 7, 2011, ASD filed a brief in support, (Doc. No. 42). On December 15, 2011, Attorney Scott Matthew Amori entered his appearance on behalf of the defendants. After being granted an extension of time to file amended counterclaims, the defendants filed their amended answer on January 20, 2012, (Doc. No. 49). On February 1, 2012, Judge Caputo denied the motion for default citing the renewed active defense by the defendants. (Docs. No. 51, 52). On February 3, 2012, ASD filed an answer to the amended counterclaims, (Doc. No. 53).

On May 18, 2012, ASD filed a motion to compel discovery, (Doc. No. 54), and a brief in support, (Doc. No. 55).[4] The motion sought responses to discovery requests as well as the deposition of Mr. Malia. As the result of a

---

[4] The parties subsequently consented to the jurisdiction of a Magistrate Judge and the case was assigned to the undersigned while the undersigned was sitting as a Magistrate Judge. (Doc. No. 60).

telephone conference regarding the dispute held on September 25, 2012, the court entered an order directing the defendants to supply the outstanding discovery and for Mr. Malia to submit to a deposition before then end of October, 2012. (Doc. No. 62).

On November 2 2012, ASD contacted the court alleging that the defendants had still not provided the outstanding discovery or arranged for Mr. Malia to be deposed. Pursuant to a telephone conference held on November 8, 2012, the court entered another order directing the defendants to provide discovery, (Doc. No. 67). The court specifically instructed the defendants to provide responses to the outstanding discovery requests by November 16, 2012 and that Mr. Malia should be present for a deposition on the agreed upon date of December 14, 2012.

On November 26, 2012, ASD sent a letter to the court, (Doc. No. 68), reporting that the defendants had failed to provide the requested discovery by the court's November 16 deadline. The same day, the court entered an order directing the defendants' counsel to respond to the letter in writing and instructing plaintiff's counsel to submit to the court a petition for attorney's fees and costs related to its attempts to compel discovery and any other sanctions it wished to request. (Doc. No. 69). To date, the defendants have not filed a response to the letter.

On December 7, 2012, ASD filed the instant motion for attorney's fees

and costs and for sanctions, (Doc. No. 70), and a brief in support, (Doc. No. 71). ASD seeks $8,085 in attorney's fees related to the discovery dispute. In addition, ASD asks that the court enter a default judgment in the amount of $2,558,586.83, dismiss all of the defendants' counterclaims with prejudice and schedule a hearing to determine all other attorney's fees, costs and interest related to this litigation which may be due to ASD under Counts I and II of its amended complaint. To date, the defendants have not filed a response to the motion.

## II.    DISCUSSION

ASD's motion seeks default judgement for the alleged amount owed to it by the defendants, $2,558,596.83; dismissal of the defendants' counterclaims with prejudice; attorney's fees and cost to compensate it for expenditures related to the defendants' discovery violations; and, a hearing in which ASD can present evidence related to other fees and costs which are recoverable under the breach of business applications and breach of note claims raised in their amended complaint. The defendants have not opposed the motion.

## A. Entry of Default and Dismissal of Counter Claims

Federal Rule of Civil Procedure 37 authorizes a court to impose each of the sanctions ASD has requested. Rule 37(b)(2)(A) outlines the sanctions

available when a party fails to comply with a court's discovery orders and reads, in pertinent part:

> If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>> (iii) striking pleadings in whole or in part;
>> (iv) staying further proceedings until the order is obeyed;
>> (v) dismissing the action or proceeding in whole or in part;
>> (vi) rendering a default judgment against the disobedient party; or
>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Moreover, "[i]nstead of or in addition to the orders [outlined in Fed. R. Civ. P. 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). ASD requests that the court rely on the authority under subsections (v) and (vi) of Rule 37(b)(2)(A) to dismiss the defendants' counterclaims and render a default judgment against the defendants.

When determining whether to dismiss a claim as a sanction for non-

compliance or to enter a default judgment under Rule 37(b)(2)(A) the court

must balance the six factors set forth in *Poulis v. State Farm Fire & Casualty*

*Co.*, 747 F.2d 863, 868 (3d Cir.1994). *See Ware v. Rodale Press, Inc.*, 322

F.3d 218, 221 (3d Cir. 2003)(applying *Poulis* factors to determination of Fed.

R. Civ. P. 37 sanction). These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to
> the adversary caused by the failure to meet scheduling orders and
> respond to discovery; (3) a history of dilatoriness; (4) whether the
> conduct of the party or the attorney was willful or in bad faith; (5) the
> effectiveness of sanctions other than dismissal, which entails an
> analysis of alternative sanctions; and (6) the meritoriousness of the
> claim or defense.

*See Poulis*, 747 F.2d at 868. Though each factor need not be satisfied, each

"should be weighed by the district courts in order to assure that the 'extreme'

sanction of dismissal ... is reserved for the instances in which it is justly

merited." *Ware*, 322 F.3d at 221-22 (3d Cir. 2003) (citing *Poulis*, 747 F.2d at

870). The court appreciates the gravity of the sanction of dismissal, but the

defendants' conduct has left the court without other recourse. In reviewing

each of the *Poulis* factors, the court notes that the defendants' failure to file

any opposition to the plaintiff's motion is both substantive evidence of dilatory

conduct as well as a forfeiture of their opportunity to contest the plaintiff's

proposed application of the factors.

*i. Extent of Defendants' Personal Responsibility*

ASD alleges that counsel for the defendants have represented on

several occasions that their inability to respond to discovery requests is due to a lack of response from their clients. (Doc. No. 71 at 12). At no point has counsel for the defendants raised any opposition to this assertion nor has counsel offered any alternate rationale for the failures to respond. As such, the defendants are personally responsible the delays and, therefore, this factor weighs in favor of the plaintiff.

*ii. Prejudice to Plaintiff*

ASD asserts that this matter began as a debt collection action more than two years ago and that delays increase the possibility that the defendants assets will be exhausted before a judgment can be rendered. As part of its amended complaint, ASD raised allegations that Mr. Malia was misappropriating corporate funds and that the court should pierce the corporate veil and hold him personally responsible. (Doc. No. 6 at 6-8). ASD asserts the defendants have not disclosed information related to the assets of the company nor made Mr. Malia available for deposition. (Doc. No. 71 at 13). ASD states that it fears further misappropriation and loss of corporate assets should the defendants dilatory conduct be allowed to continue. Though Mr. Malia's motion to dismiss, (Doc. No. 29), asserted that ASD has failed to establish sufficient evidence to pierce the corporate veil, the defendants have elected not to participate in the discovery process that would resolve this question. Therefore, the defendants cannot, at this latter stage of the

proceedings, hope to defeat the plaintiff's allegations on a theory of insufficient evidence where they have failed to meet their discovery obligations. As such, the court finds that there is likelihood of prejudice to the plaintiff and that this factor weighs in favor of default judgment and dismissal.

### iii. History of Dilatoriness

The history of dilatoriness by the defendants in this case is extensive. From the outset of the litigation the defendants have only been stirred to participate when they face default or other sanctions. After the plaintiff filed its amended complaint on January 19, 2011, neither defendant filed a responsive pleading within 21 days as required by Federal Rule of Civil Procedure 12(a). Though Mr. Malia would later successfully challenge his service, each of the defendant's first filings in the case was a motion to vacate the clerk's entry of default. (Doc. No. 12). On October 21, 2011, the court granted the defendants' attorney's motion to withdraw with the express condition that New Life secure replacement counsel within 45 days. (Doc. No. 39). The defendants' failed to comply with the court's order and on December 6, 2011 ASD moved for default judgment. (Doc. No. 41). Only after the filing of ASD's motion did New Life secure counsel. (Doc. No. 43). Again, the court denied the motion for default judgment based on the defendants' renewed participation in the litigation. (Doc. No. 52).

In recent months, however, the defendants' conduct has changed from

dilatory to outright obstinate. ASD asserts that it served defendants' counsel with its first set of interrogatories and requests for production of documents on April 10, 2012. (Doc. No.71 at 5). The defendants did not respond and after a failed attempt to resolve the noncompliance without the aid of the court, ASD field a motion to compel discovery on May 18, 2012. (Doc. No. 54). In September 2012, the defendants had still not provided the requested discovery and on September 25, 2012 the court entered an order directing the defendants to comply with the discovery requests on or before October 9, 2012 and to make Mr. Malia available for a deposition before the end of October. (Doc. No. 62). This order was entered after a telephone conference in which counsel for the defendants agreed to the deadlines and represented to the court that compliance was possible within the prescribed time. Nevertheless, the defendants failed to comply. After additional attempts to obtain the requested discovery throughout October, ASD requested a second conference call regarding discovery. Pursuant to a telephone conference held November 8, 2012, the court entered an order, (Doc. No. 67), directing the defendants to comply with the discovery requests by November 16, 2012 and to make Mr. Malia available for a deposition on the agreed upon date of December 14, 2012. When the defendants again failed to provide the requested discovery, ASD filed a letter informing the court of the defendants' conduct. (Doc. No. 68). The court entered an order directing the defendants

to respond to the letter and instructing ASD that it should file a motion for attorney's fees and costs and any other sanctions it believed to be appropriate. As of this date, the defendants have not responded to the letter. On December 7, 2012, ASD filed the instant motion and brief in support. (Doc. No. 70, 71). As of this date, the defendants have not responded to the motion.

What began as unnecessary but ultimately excusable delays in the litigation process has become a pattern of contempt for the court's orders. If the defendants no longer feel it is necessary to participate in the litigation then no resolution is possible. As such, this factor weighs heavily in favor of the dismissing the action and entering default judgment.

*iv. Willful and Bad Faith Conduct*

After a history of dilatory conduct in this case, the defendants have failed to comply with three direct orders of the court between September and November 2012 and failed to respond to the instant motion. The court cannot construe that pattern of conduct to be anything other than willful action performed in bad faith. Though a history of dilatory conduct is weighed as a separate part of the analysis, the defendants' decisions to entirely ignore both the courts' order of November 26, 2012 and the instant motion indicates a total disregard for their obligations in this case. As such, the court finds that this factor weighs in favor of the plaintiff.

13

*v. Effectiveness of Other Sanctions*

The court has ordered the defendants to respond to the same discovery requests and to produce Mr. Malia for a deposition on three separate occassions. The defendants have failed to comply each time and have recently failed to even respond to this court's orders. Contemplating the other sanctions outlined in [Fed. R. Civ. P. 37(b)(2)(A)](), the court finds that they would be ineffective in light of the defendants' lack of meaningful participation in the litigation. In particular, the defendants' failure to produce discovery undermines the plaintiff's ability to gather necessary information to prosecute its claims. Therefore, Rule 37 sanctions such as judicially establishing certain facts, striking pleadings or prohibiting the defendants form raising arguments are not likely to be effective because the plaintiffs are still attempting to uncover a broad range of unknown information. The court's prior orders relied on the cooperation of the defendants to produce discoverable documents. The failure to comply and now complete lack of communication indicates that such cooperation will not be possible. As such, the court believes alternate sanctions would be ineffective.

*vi. Meritoriousness of Claim or Defense*

The defendants have raised counterclaims against ASD, (Doc. No. [49]()), however, the record contains no factual evidence in support of the claims. Moreover, the defendants failed to take advantage of their opportunity to

substantiate any of their claims when they chose not to respond to the instant motion. Though the court's decision to dismiss the defendants' counterclaims may leave some allegations unresolved, the court cannot justify protecting the defendants' wholly unsubstantiated claims while the defendants continually chose to ignore the claims levied against them. Therefore, though this factor is closer than the those considered above, it still weighs in favor of the plaintiff.

Having reviewed each of the *Poulis* factors, the court will grant plaintiff's motion to enter default judgment and dismiss of the defendants' counterclaims. The defendants have not responded to the motion and have raised no objection to the reasonableness of the amount requested by the plaintiff. Therefore, the court will enter a default judgment in the full amount requested, $2,558,586.83.

## B. Attorney Fees and Costs

In addition to the request for default judgment and dismissal of the defendants' counterclaims, ASD requests attorney's fees and cost directly attributable to the defendants failure to comply with their discovery obligations as well as a hearing to present evidence to support the award of additional attorney's fees, costs and interest under Counts I and II their amended complaint.

Federal Rule of Civil Procedure 37(a)(5)(A) governs the payment of

expenses when a motion to compel has been granted and reads, in pertinent part:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37 (a)(5)(A). The rule does direct the court not to award fees when there is evidence of good faith attempts to make discovery disclosures; however, those safe havens do not apply in the instant matter.

"The starting point for a determination of attorney's fees, the lodestar calculation, is the product of: [1] the number of hours reasonably expended ... [2] times an hourly fee based on the prevailing market rate." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 195 (3d Cir.1988); *see also Maldonado v. Houstoun*, 256 F.3d 181, 184 ( 3d Cir.2001); *O'Quinn v. Recovery Partners*, LLC, 2011 WL 2976288, \*3 (M.D. Pa. June 27, 2011), report and recommendation adopted sub nom. *O'Quinn v. Recovery Partners*, 2011 WL 2971795 (M.D.Pa. July 21, 2011).

The burden of demonstrating the reasonableness of both the hours expended and hourly rates falls on the party seeking attorney's fees. See *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 (3d Cir. 2005)(citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990)). The

party requesting fees must submit "fairly definite information as to hours devoted to various general activities, *e.g.*, partial discovery, settlement negotiations, and the hours spent by various classes of attorneys." *United Auto. Workers Local 259 Social Sec. Dept. v. Metro Auto Center*, 501 F.3d 283, 291 (3d Cir.2007)(quoting *Evans v. Port Auth.*, 273 F.3d 346, 361 (3d Cir.2001)).

ASD requests $8,085.00 for attorney's fees related to the defendants' failure to provide discovery. In support of this request ASD has attached a sufficiently detailed accounting of the tasks performed and hours expended by various attorneys related to the discovery dispute. (Doc. No. 71, Att. 1). The defendants do not oppose the amount of fees nor do they raise any specific challenges to the hours worked or hourly rates established by ASD. The court finds the unchallenged request to be reasonable and will award the requested amount of $8,085.00.

With respect to the request for a hearing regarding additional fees, the court believes that written briefing is a preferable method to obtain necessary evidence and sees no need for the parties to appear before the court at this time. ASD asserts that it is entitled to attorney's fees, costs and interest under Counts I and II of its amended complaint, claims for breach of the business applications and breach of the note, respectively. The court agrees that ASD should be afforded the opportunity to present necessary evidence; however,

the court believes that written briefs will better facilitate the communication of the type of hourly accounting the court will require in its evaluation of any additional awards. Moreover, in light of the dilatory conduct of the defendants, the court believes that written briefing will allow ASD to present evidence without having to rely on the cooperation of the defendants for scheduling such a hearing.

## III. CONCLUSION

Having carefully reviewed the facts of this case in consideration of the grave sanction of default judgment and dismissal, the court will enter default judgment in the amount of $2,558,586.83 in favor of the plaintiff and will dismiss with prejudice the counterclaims raised in the defendants' amended answer. In addition, the court will award the plaintiff attorney's fees related to the discovery dispute in the amount of $8,085.00. Finally, the court will deny the plaintiff's request for a hearing regarding additional attorney's fees but will permit the parties to submit a written motion and brief, on or before May 10, 2013. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: April 10, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2011MEMORANDA\11-0068-01.wpd